E-FILED on    1/14/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL A. ZAMANI, an individual and NANCY MILLER-WALLACE (formerly NANCY ZAMANI), an individual,<br><br>Plaintiffs,<br><br>v.<br><br>H. GENE CARNES, an individual, PHILLIP CARNES, an individual, JENNIFER CARNES, an individual, KATHRYN SCHALLER, an individual, and KEVIN SCHALLER, an individual,<br><br>Defendants. | Case No. C-03-00852 RMW<br><br>Related Case No. C-00-20084 RMW<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT; DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION<br><br>**[Re Docket No. 96]** |

Defendants move for summary judgment that plaintiffs' first and second claims under California Civil Procedure Code §§ 724.050 and 724.070 respectively are barred by California's litigation privilege, Civil Code § 47(b)(2). They also move the court to dismiss this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that without the first two causes of action, the amount of plaintiffs' claim for overpayment is insufficient to satisfy the amount-in-controversy required for diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs did not submit a written opposition to defendants' motion. Nevertheless, the court denies defendants' motions for the reasons set forth below.

## I. BACKGROUND

The facts underlying plaintiffs' claims involve defendants' efforts to enforce a judgment awarded to them in a related action, *Carnes v. Zamani*, C-00-20084 RMW. On January 21, 2000, the defendants in this action, Gene Carnes, Phillip Carnes, Jennifer Carnes, Kathryn Schaller and Kevin Schaller (collectively "Carnes"), filed a suit against Michael Zamani and Nancy Miller-Wallace (collectively "Zamani") seeking declaratory relief related to issues arising out of a real estate transaction that transpired between the two parties. On March 5, 2001 the court entered summary judgment in favor of Carnes. Although neither party was awarded damages, the court awarded Carnes costs and attorney's fees in three separate post-judgment motions for a total award of $95,131.85.

On April 3, 2001 Zamani appealed the judgment to the Ninth Circuit, which Carnes opposed. On March 20, 2003 the court of appeals affirmed. Carnes moved for attorney's fees and sanctions on appeal and, in 2004, was awarded $40,500.00 in attorney's fees and costs.[1]

On April 12, 2001, after Carnes' first successful motion for costs in the underlying case, Carnes recorded an abstract of judgment with the Santa Clara County Recorder's Office. In April 2002, after this court's award to Carnes of attorney's fees and additional costs pursuant to the remaining two motions for costs and attorney's fees in the underlying case, Carnes caused the court to issue of writ of execution in the amount of $105,650.00, which included post-judgment interest at the rate of 10%. On April 29, 2002 Carnes filed an additional abstract of judgment with the Santa Clara County Recorder's office, listing the amount of the judgment as $105,650.00.

While the appeal in the underlying case was pending, Carnes began to collect on the judgment. Beginning in August 2002, Carnes levied on two bank accounts and garnished the wages of Nancy Miller-Wallace (then known as Nancy Zamani). Between August 2002 and February 3, 2003, Carnes collected a total of $14,531.77. On December 30, 2002, Zamani offered to pay Carnes the remainder of the judgment, stating that he had an escrow closing the next day, and demanded

---

[1] Although the Ninth Circuit referred the determination of the proper amount of attorney's fees to a special master, the parties jointly moved to transfer the consideration of attorney's fees on appeal to this court.

that Carnes confirm the remaining amount owed. The parties disputed (1) the proper amount of the court's award, (2) the rate of post-judgment interest applied by Carnes, (3) the amount Carnes had collected through the levies and garnishment, and (4) the amount and disposition of any eventual award of attorney's fees to Carnes from the Ninth Circuit appeal. After several increasingly hostile exchanges between the parties and their attorneys, Zamani wired $91,613.38 to Carnes's attorney's bank account, an amount he claimed represented full satisfaction of the judgment.

Carnes asserted that he was owed an additional $7,227.12 and proposed that Zamani deposit $56,359.00 with the court as disputed costs and attorney's fees for the pending Ninth Circuit appeal in exchange for acknowledgment of satisfaction of judgment. In February 2003, Carnes filed with the court a document acknowledging full satisfaction of judgment, however, the document included a clause exempting any attorney's fees to be awarded for the Ninth Circuit appeal.[2]

Zamani filed the complaint against Carnes in the current action on February 26, 2003. Plaintiffs claim that defendants violated California Civil Procedure Code §§ 724.050 and 724.070, first, by refusing to file an acknowledgment of satisfaction of judgment that complies with the requirements of § 724.060 and, second, by conditioning delivery of an acknowledgment of satisfaction of judgment on the payment of amounts in excess of the judgment and a release of plaintiffs' claims against defendants. Plaintiffs also assert they have overpaid defendants for the judgment by $1,832.19. They seek general damages at least $350,000, economic damages of at least $82,500, and exemplary damages of at least $350,000 in addition to attorney's fees pursuant to § 724.080 and costs of suit.

## II. ANALYSIS

### A. Motion for Summary Judgment

Now that this case has returned to this court from defendants' appeal to the Ninth Circuit, defendants argue that California's litigation privilege, Cal. Civ. Code § 47(b), operates to bar

---

[2] The document reads, in relevant part, "[T]he final judgment entered on March 5, 2001, is hereby acknowledged, and satisfaction full and complete and acquittance in full, including interest, is hereby given, except as to costs and expenses on appeal, and such additional sums, if any, including attorney's fees on appeal, that may be awarded to the plaintiffs and judgment creditors . . . ."

plaintiff's claims under Cal. Civ. Proc. Code § 724.050 and § 724.070. Defendants contend that statutory causes of action are subject to the litigation privilege unless the statute contains an express exemption from the privilege. Because there is no express statutory exemption for §§ 724.050 and 724.070, defendants assert that their actions in trying to collect the overage in attorney's fees were privileged.

California Civil Code § 47(b)(2) states, in relevant part, "A privileged publication or broadcast is one made: [] (b) In any [] (2) judicial proceeding." In its usual formulation "the litigation privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.*, 122 Cal. App. 4th 1049, 1058 (2004) (quoting *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990) (quotation marks omitted).

Cal. Civ. Proc. Code § 724.050 provides that once a judgment has been satisfied, the judgment debtor may demand in writing that the judgment creditor "[f]ile an acknowledgment of satisfaction of judgment with the court," and/or "[e]xecute, acknowledge, and deliver an acknowledgment of satisfaction of judgment to the person who made the demand." If the judgment creditor fails to comply within 15 days of the demand, he is liable "for all damages sustained by reason of such failure" and a statutory penalty of $100. *Id.* § 724.050(c), (e). The statute provides that judgment debtor may proceed under the section by motion. *Id.* § 724.050(d). Section 724.060 sets forth specific requirements for the form and content of an acknowledgment of satisfaction of judgment. Cal. Civ. Proc. Code § 724.070 provides in pertinent part as follows: "If a judgment creditor intentionally conditions delivery of an acknowledgment of satisfaction of judgment upon the performance of any act or the payment of an amount in excess of that to which the judgment creditor is entitled under the judgment, the judgment creditor is liable to the judgment debtor for all damages sustained by reason of such action or two hundred fifty dollars ($250), whichever is the greater amount." *Id.* § 724.070(a).

The wrongful acts set forth in Cal. Civ. Proc. Code § 724.050 and § 724.070 are necessarily communicative acts bound up with the judicial process of enforcing a judgment. Thus, requiring the

prohibited acts to be outside of the litigation privilege would make the provisions of the statutory relief pointless. Interpreting the statute to require conduct that falls outside the litigation privilege would have a nonsensical result with respect to section 724.050. California canons of statutory interpretation require courts to refrain from adopting statutory construction that renders a statute absurd or nugatory. *See, e.g.*, *Walters v. Bank of America Assn.*, 9 Cal. 2d 46, 52 (1937).

The only acts contemplated by section 724.050, namely filing and delivering an acknowledgment of satisfaction to the court and judgment debtor, are those that are "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.'" *Sylmar*, 122 Cal. App. 4th at 1058. Thus, to require the acts to fall outside the litigation privilege in order for the judgment debtor to seek relief under that section would render the statute a nullity.

Section 724.070 provides that a judgment creditor may be liable to the judgment debtor "for all damages sustained by reason of such action or two hundred fifty dollars ($250), whichever is the greater amount" for conditioning delivery of an acknowledgment of satisfaction of judgment upon "the performance of any act or the payment of an amount in excess of that to which the judgment creditor is entitled under the judgment, the judgment creditor is liable to the judgment debtor." Defendants argue that only demands for additional requirements that fall outside the litigation privilege (such as a demand for a favorable reference or investment in a separate endeavor) subject a judgment creditor to liability under the statute. Viewed in light of the construction of section 724.050 set forth above and the nature of the cause of action provided by the statute as a whole, importing the requirement that the creditors' additional demands be ones that fall outside of the litigation privilege would be a strained interpretation at best.

The California Supreme Court has recently compiled a list of statutes to which the litigation privilege does not apply: perjury (Cal. Pen. Code § 118 *et seq.*); subornation of perjury (Cal. Pen. Code § 127); criminal prosecution (Bus. & Prof. Code § 6128); false report of a criminal offense (Pen. Code § 148.5); and "attorney solicitation through the use of 'runners' or 'cappers.'" *Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1246 (2007). The Court's

"recognition of these exceptions to the litigation privilege has been guided by the 'rule of statutory construction that particular provisions will prevail over general provisions.'" *Id.* (citing *In re James M.,* 9 Cal. 3d 517, 522 (1973)). As with the statutes reviewed in *Action Apartment*, Cal. Civ. Proc. Code § 724.050 and § 724.070 is each "more specific than the litigation privilege and would be significantly or wholly inoperable if its enforcement were barred when in conflict with the privilege." *Id.*

Recently in *Rusheen v. Cohen*, 37 Cal. 4th 1048 (2006), the California Supreme Court expressly expanded the litigation privilege to noncommunicative acts that are necessarily related to communicative conduct. In so doing, it stated that the expansion of the litigation privilege "necessarily narrows the scope of the tort of abuse of process in the judgment enforcement context." *Id.* at 1063. Nevertheless, the *Rusheen* opinion did not reach the issue presented here and, in light of the principles more recently outlined in *Action Apartment*, the court determines that the litigation privilege does not apply to bar plaintiffs' claims under Cal. Civ. Proc. Code § 724.050 and § 724.070.

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants argue that if the plaintiffs' first two causes of action are dismissed, the amount in controversy is insufficient to maintain an action in federal court under 28 U.S.C. § 1332. However, because the court has found that the Zamanis' first two causes of action remain viable, the amount in controversy is satisfied. The court therefore denies defendants' Rule 12(b)(1) motion.

### III. ORDER

For the foregoing reasons, the court denies defendants' motion for summary judgment and likewise denies defendants' motion to dismiss the action for lack of subject matter jurisdiction.

DATED:  12/21/07

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING MOTION FOR SUMMARY JUDGMENT; DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION—C-03-00852 RMW
MAG                                          6

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

Michael A Zamani
2214 Fruitdale Avenue
San Jose, CA 95128
PRO SE

Nancy Miller-Wallace
684 Ashland Creek Drive
Ashland, OR 97520
PRO SE

**Counsel for Defendant(s):**

James R. Hales        jim@rowehales.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 1/14/08                       /s/ MAG
                                **Chambers of Judge Whyte**