NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ZAMANI, and NANCY MILLER-WALLACE,<br><br>            Plaintiffs,<br>v.<br><br>H. GENE CARNES, PHILLIP CARNES, JENNIFER CARNES, KATHRYN SCHALLER and KEVIN SCHALLER,<br><br>            Defendants. | No. C03-00852 RMW (HRL)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL; AND (2) GRANTING DEFENDANTS' REQUEST FOR MONETARY SANCTIONS**<br><br>[Re: Docket No. 115] |

The instant lawsuit arises out of efforts by defendants (collectively "Carnes") to enforce a judgment awarded to them in a related action, *Carnes v. Zamani*, C00-20084 RMW. In that action, Carnes sued the Zamanis, seeking declaratory relief with respect to a real estate transaction. The court entered summary judgment in Carnes' favor and awarded them their costs and attorney's fees.

Plaintiffs filed the instant action on February 26, 2003, claiming that they not only tendered full satisfaction of the judgment, but overpaid the required amount. They further allege that defendants have refused to deliver proper acknowledgment of satisfaction of judgment and have wrongfully conditioned the delivery of such an acknowledgment upon the payment of amounts in excess of the judgment and other conduct. Plaintiffs seek general, economic and exemplary damages, plus costs and attorney's fees. Although plaintiffs were

1   represented by counsel when the instant action was filed, they are now proceeding pro se.

2       Defendants move to compel plaintiff Michael Zamani to produce documents. They also
3   request that he pay their attorney's fees incurred as a result of his failure to produce the
4   requested documents. Although defendants' motion papers were duly served on Mr. Zamani, he
5   filed no opposition papers and did not appear at the April 1, 2008 motion hearing. Upon
6   consideration of the papers submitted, as well as the oral arguments presented, this court grants
7   the motion to compel in part and grants the request for sanctions.

8       Under Rule 34 of the Federal Rules of Civil Procedure, a party may serve on any other
9   party a request to produce and permit inspection, copying, testing or sampling of relevant
10  documents and things. *See* FED.R.CIV.P. 34(a). Unless otherwise stipulated or ordered by the
11  court, "[t]he party to whom the request is directed must respond in writing within 30 days after
12  being served." FED.R.CIV.P. 34(b)(2)(A). The responding party must provide a written
13  response, "stat[ing] that inspection and related activities will be permitted as requested or
14  stat[ing] an objection to the request, including the reasons." FED.R.CIV.P. 34(b)(2)(B). The
15  failure to timely respond constitutes a waiver of any objection. *See Richmark Corp. v. Timber*
16  *Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

17      When a party fails to respond or to permit inspection as requested, Rule 37 of the
18  Federal Rules of Civil Procedure permits a party to move to compel the requested discovery.
19  FED.R.CIV.P. 37(a)(3)(B)(iv). If the motion is granted, or if the requested discovery is produced
20  after the motion is filed, "the court must, after giving an opportunity to be heard, require the
21  party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses
22  incurred in making the motion, including attorney's fees." FED.R.CIV.P. 37(a)(5)(A).
23  However, the court must not order payment if (a) the moving party did not attempt to resolve
24  the dispute in good faith before seeking judicial intervention, (b) the responding party's
25  nonresponse, objection, or nondisclosure was substantially justified, or (c) other circumstances
26  make an award of expenses unjust. FED.R.CIV.P. 37(a)(5)(A)(i)-(iii).

27      Here, the record presented shows that defendants served their document requests on Mr.
28  Zamani on December 11, 2007. (Mot., Ex. A). His response to those requests was due by

*United States District Court*
For the Northern District of California

January 14, 2008. *See* FED.R.CIV.P. 34(b)(2)(A); *see also* FED.R.CIV.P. 6(d). He did not serve any timely response to the requests and apparently asserted no objections. Nor did he seek a protective order. Thereafter, defense counsel made several attempts to obtain the requested documents from him. (Mot. Exs. B-J). Despite Mr. Zamani's repeated assertions that he sent documents to defense counsel by U.S. mail and email (and reportedly attempted to send them by Federal Express), defense counsel represents that no documents have ever been received, save for an email attachment consisting of 34 blank pages. (*See id.*).

The requests in question seek all documents supporting plaintiffs' allegations and claims for relief. In addition, defendants seek documents pertaining to Mr. Zamani's finances from 1999 to the present. (Mot., Ex. A). Plaintiffs reportedly have taken the position that defendants caused their financial ruin. Defendants maintain that, if plaintiffs have suffered any financial reversals, then other factors are to blame – namely, the decline of the real estate market. This court finds that the majority of the requested documents are relevant or reasonably calculated to lead to the discovery of admissible evidence. *See* FED.R.CIV.P. 26(b)(1). However, the court is unpersuaded that defendants need tax records at this time. *See Aliotti v. The Vessel Sonora*, 217 F.R.D. 496 (N.D. Cal. 2003) ("[T]he Court may order the production of plaintiff's tax returns if they are relevant and when there is a compelling need for them because the information sought is not otherwise available."). Accordingly, their motion to compel is granted in part and denied in part as follows:

- The motion is denied as to Request No. 3 without prejudice to renew the motion upon a showing of compelling need.
- The motion is denied as to Request Nos. 1-2 insofar as they seek production of tax records, but the denial is without prejudice to renew the motion upon a showing of compelling need. The motion is otherwise granted as to other documents sought by these requests.
- The motion is granted as to Request Nos. 4-17.

Defendants also request reimbursement of $1067.50 for attorney's fees incurred in connection with this discovery dispute. Defendants' motion for sanctions was not separately

3

filed in accordance with Civil Local Rules 7-8 and 37-3. Nevertheless, based upon the particular facts of this discovery dispute and the record presented, this court finds that their request for reimbursement is a reasonable one. (*See* Hales Decl. ¶¶ 5-6 and Ex. A). Moreover, Mr. Zamani was given proper notice of these proceedings and ample opportunity to respond. He made no effort to justify his failure to adequately respond to the discovery propounded. This court is unaware of any circumstances which would otherwise make an award of expenses unjust.

Based on the foregoing, IT IS ORDERED THAT :

1. Defendants' motion to compel is granted in part and denied in part. Plaintiff Michael Zamani shall produce all documents responsive to defendants' requests in compliance with this order **no later than April 16, 2008**.

2. Defendants' motion for monetary sanctions is granted. **No later than April 16, 2008**, plaintiff Michael Zamani shall pay $1067.50 to defendants for their attorney's fees incurred.

Dated: April 2, 2008

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

1  **5:03-cv-852 Notice has been electronically mailed to:**

2  James R. Hales jim@rowehales.com, jimhales@nanosecond.com

3  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

5  **5:03-cv-852 Notice has been delivered by mail to:**

6  Nancy Miller-Wallace
684 Ashland Creek Drive
7  Ashland, OR 97520

8  Michael A Zamani
2214 Fruitdale Avenue
9  San Jose, CA 95128

**United States District Court**
For the Northern District of California