E-FILED on     4/9/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL A. ZAMANI, an individual and NANCY MILLER-WALLACE (formerly NANCY ZAMANI), an individual,<br><br>Plaintiffs,<br><br>v.<br><br>H. GENE CARNES, an individual, PHILLIP CARNES, an individual, JENNIFER CARNES, an individual, KATHRYN SCHALLER, an individual, and KEVIN SCHALLER, an individual,<br><br>Defendants. | Case No. C-03-00852 RMW<br><br>Related Case No. C-00-20084 RMW<br><br>ORDER DENYING MOTION TO DISMISS PLAINTIFF NANCY MILLER-WALLACE; GRANTING IN PART MOTION TO COMPEL; GRANTING MOTION FOR ATTORNEY'S FEES AS SANCTIONS<br><br>**[Re Docket No. 110]** |

On February 13, 2008, defendants filed motion seeking to dismiss plaintiff Nancy Miller-Wallace from this action or, in the alternative, for an order compelling Miller-Wallace's appearance at deposition and for attorney's fees, costs and sanctions. Miller-Wallace has not opposed or otherwise responded to this motion. For the reasons set forth below, the court denies defendants' motion to dismiss Miller-Wallace but grants defendants' alternative motion to compel. The court also grants defendants' motion for attorney's fees.

## I. BACKGROUND

Rowe & Hales represents defendants in this matter.  Plaintiffs Michael Zamani ("Zamani") and Nancy Miller-Wallace ("Miller-Wallace"), who were formerly married to one another but are now divorced, are both proceeding *pro se.*  This action arises out of efforts by defendants (collectively "Carnes") to enforce a judgment awarded to them in a related action, *Carnes v. Zamani*, Case No. 00-20084 RMW.  In that action, Carnes sued the Zamanis, seeking declaratory relief with respect to a real estate transaction. The court entered summary judgment for Carnes and awarded them their costs and attorney's fees.

Plaintiffs subsequently filed the instant action, claiming that defendants violated California Civil Procedure Code §§ 724.050 and 724.070, first, by refusing to file an acknowledgment of satisfaction of judgment that complies with the requirements of § 724.060 and, second, by conditioning delivery of an acknowledgment of satisfaction of judgment on the payment of amounts in excess of the judgment and a release of plaintiffs' claims against defendants.  They assert they have overpaid defendants for the judgment by $1,832.19 and seek, *inter alia*, general damages at least $350,000, based in part on the theory that the defendants' alleged behavior in declining to file a satisfaction of judgment interfered with plaintiffs' loans.

The court held a case management conference in this matter on September 27, 2007 at which Miller-Wallace did not appear. Miller-Wallace was served on December 17, 2007 with a notice of deposition for January 22, 2008 at the law offices of Rowe & Hales in Minden, Nevada. Ex. A.  On January 17, 2008, Zamani emailed defendants' counsel James Hales to inform Hales that Miller-Wallace would not be attending her deposition. Mot. Dismiss, Ex. B.  Hales responded to Zamani that Zamani was not permitted to represent Miller-Wallace and that Miller-Wallace should contact Hales directly about her intention not to attend her deposition.  *Id.*  Miller-Wallace did not contact defendants' attorneys.  She did not attend her deposition.  *Id.*, Ex. C.

On December 11, 2007, Miller-Wallace was served with five interrogatories and fifteen requests for production of documents. On January 18, 2008, Rowe & Hales sent a letter to Miller-Wallace requesting responses to these discovery requests and stating "If you fail to provide responses, we will move to dismiss you from this action, as we have had no contact with you since

you and Mr. Zamani initiated this lawsuit." *Id.*, Ex. D.  The letter further stated, "If these responses are not received prior to January 30th, we will file a motion to compel . . . [and] will also seek attorney's fees." *Id.*  On January 28, 2008, after Miller-Wallace did not appear at the deposition on January 22, 2008, Rowe & Hales sent a letter to Miller-Wallace noting her failure to appear at the deposition, warning her that the action was sanctionable, and asking her for an explanation for not appearing at the deposition and her intention with proceeding with the suit.  *Id.*, Ex. E.  On January 29, 2008, Miller-Wallace sent her responses to the discovery requests.  *Id.*, Ex. G.  Defendants filed the instant motion on February 13, 2008.  Miller-Wallace did not file a written opposition, nor did she appear at the April 4, 2008 hearing on the matter.[1]

## II. ANALYSIS

### A. Motion to Dismiss Miller-Wallace

Defendants ask the court to dismiss Miller-Wallace from this action as a sanction for failing to appear at her deposition.  With respect to depositions, Federal Rule of Civil Procedure 37(d) provides that the court "may, on motion, order sanctions if a party . . . fails, after being served with proper notice, to appear for that person's deposition."  *Id.* 37(d)(1)(A).  Sanctions available "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vii)" *Id.*  The orders listed in Rule 37(b)(2)(A)(i)-(vii) include:

> (i) directing the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking the pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order[.]

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).  Further, the court may require "the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expense unjust."  *Id.* 37(d)(3).

---

[1] Zamani appeared at the hearing seeking to make arguments on Miller-Wallace's behalf as a co-plaintiff, but was informed by the court that he was not permitted to speak for her.

"Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991)). Of these factors, prejudice and the availability of lesser sanctions are key. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

The court concludes that dismissal of Miller-Wallace would be an inappropriately harsh sanction under the circumstances presented here. First, Miller-Wallace was not failing to obey a court order when she failed to appear at her deposition. Second, she did inform defendants' counsel of her intention not to appear through Zamani, even if she did not do so directly. Third, Miller-Wallace responded to the written discovery by mailing her responses on January 29, 2008 – which is before the January 30 date by which the Rowe & Hales letter asked her to respond. Even coupled with her failure to appear at the September 2007 case management conference, Miller-Wallace's behavior, while certainly sanctionable by other means, does not at this point warrant her dismissal from this action.

### B. Motion to Compel

In the alternative, defendants ask that Miller-Wallace be compelled to respond completely to their written discovery requests. They contend that Miller-Wallace's January 29, 2008 responses to interrogatories 4 and 5 and her responses to request for documents 1, 2, 3, 10, and 11 were evasive and incomplete.

Interrogatory 4 asks Miller-Wallace to:

> Identify all persons, corporations, institutions, or any other business entity, along with their current ro last known address and telephone number, that Nancy Miller-Wallace or Nancy Zamani contacted regarding an application to obtain any loan, whether the loan was secured or unsecured, and whether the communication made by Ms. Miller-Wallace or Ms. Zamani was in person, electronically, or telephonically, as well as the amounts sought for each and every loan application from January 1, 1999 to present.

Mot. Dismiss, Ex. G. Request for documents 10 asks for

> Any and all loan applications of Nancy Miller-Wallace . . . including all individual loans, joint loans, and business loans through a business entity in which Nancy Miller-Wallace . . . was or is a principal . . . from January 1, 1999 to present, including but not limited to, loan application numbers, amount sought in each and every loan application, and security interest for every loan application, reason for each loan, and the date of funding or rejection for each loan.

*Id.*, Ex. I.  Similarly, request 11 asks for "[a]ny and all escrow accounts for real property transactions" for the same period.  *Id.*  Miller-Wallace objected to all of these discovery requests stating each was "too broad and intrusive, and does not lead to discovery of any admissible evidence."  *Id.*  Because plaintiffs base their damages claim in part on their allegations that defendants' behavior interfered with their ability to obtain and finance loans, the court finds that the requested information and documents are relevant or reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

Defendants contend that these discovery requests are relevant to Miller-Wallace's claim because she alleges that the satisfaction of judgment prevented a loan from funding and that the time period is necessary to determine whether Miller-Wallace made attempts before or after the entry of the satisfaction of judgment to obtain a loan.  Because these discovery requests relate specifically to loans that Miller-Wallace may have applied for or received, the court agrees that they are appropriate and orders Miller-Wallace to respond to interrogatory 4 and requests for production 10 and 11, or to seek a protective order.

Interrogatory 5 asks Miller-Wallace to:

> Describe the method and/or computer program to track Nancy Miller-Wallace's or Nancy Zamani's personal finances and business finances of a business entity or entities in which Nancy Miller-Wallace or Nancy Zamani was or is a principal, including who, besides Nancy Miller-Wallace or Nancy Zamani, has access to this method and/or computer program.

*Id.*  Requests for documents 1, 2 and 3 ask for "all personal financial records," "documents and records for any and all real property," and "all tax returns [] including individual tax returns, joint tax returns, and business tax" for Miller-Wallace and any business entity in which she was involved as a principal from January 1, 1999 to the present.  *Id.*   Miller-Wallace objected to these requests as overbroad and not leading to the discovery of admissible evidence.  Defendants contend that Miller-Wallace's response to this interrogatory will assist them in determining her ability to obtain a loan

ORDER DENYING MOTION TO DISMISS PLAINTIFF NANCY MILLER-WALLACE; GRANTING IN PART MOTION TO COMPEL; GRANTING MOTION FOR ATTORNEY'S FEES AS SANCTIONS—C-03-00852 RMW
MAG                                              5

and in verifying her claims that defendants' actions have caused her extensive financial hardship. The court finds that the majority of the requested information and documents are relevant or reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). However, the court does not believe that defendants need Miller-Wallace's tax records at this time. *See Aliotti v. The Vessel Sonora*, 217 F.R.D. 496 (N.D. Cal. 2003) ("[T]he Court may order the production of plaintiff's tax returns if they are relevant and when there is a compelling need for them because the information sought is not otherwise available."). Therefore, defendants' motion to compel is denied as to request no. 3 without prejudice to renew the motion upon a showing of compelling need.

Defendants are also entitled to depose Miller-Wallace. Miller-Wallace shall directly contact counsel for defendants at Rowe & Hales before April 18, 2008 to arrange for a time and place for her deposition to take place before May 6, 2008. It is not appropriate for Miller-Wallace to communicate through Zamani, therefore, unless she obtains legal representation, she should communicate directly with defendants' counsel. If the parties are unable to complete the deposition by May 6, they may stipulate to a date after May 6, or, if unable to agree, may bring a motion to compel or for a protective order as appropriate.

**C.     Motion for Reimbursement of Attorney's Fees**

Defendants request reimbursement of $2,745.88 for attorney's fees and costs incurred in connection with this discovery dispute.[2] Specifically, they assert that the award is appropriate as a sanction for Miller-Wallace's failure to attend her January 22, 2008 deposition and provision of late and unsatisfactory responses to their written discovery. The court concludes that under the facts and record presented, the request for reimbursement is reasonable.

With regard to the failure to attend her deposition, although Miller-Wallace informed defendants' counsel through Zamani by email dated January 17, 2008, that she would not attend her deposition, she did not make any effort to provide an explanation for her failure to appear or to offer another date or location that would be more appropriate for her deposition. With respect to Miller-

---

[2] At the hearing, defendants' counsel requested an additional 8 hours of travel and hearing time be added to the attorney's fees sought. This additional request is denied.

ORDER DENYING MOTION TO DISMISS PLAINTIFF NANCY MILLER-WALLACE; GRANTING IN PART MOTION TO COMPEL; GRANTING MOTION FOR ATTORNEY'S FEES AS SANCTIONS—C-03-00852 RMW
MAG                                        6

1  Wallace's failure to provide timely discovery responses, the record presented shows that defendants
2  served their written discovery on Miller Wallace on December 11, 2007, making her responses due
3  by January 14, 2008 under Rule 34(b)(2)(A).  *See also* Fed. R. Civ. P. 6(d).  She did not serve a
4  timely response to the requests and did not seek a protective order.  Based on the facts of this
5  discovery dispute and the record presented, the court finds that defendants' request for
6  reimbursement is a reasonable one.  *See* Hales Decl. ¶¶ 8-9, Ex. A.

## III.  ORDER

For the foregoing reasons, the court denies defendants' motion to dismiss Nancy Miller-Wallace.  It grants, however, defendants' alternative motion to compel responses to interrogatories 4 and 5 and requests for documents 1, 2, 10 and 11, but denies the motion to compel as to request 3 (and as to 1 and 2 to the extent those requests seek tax records).  Miller-Wallace shall produce all documents responsive to defendants' requests in compliance with this order no later than May 6, 2008. Miller-Wallace is further ordered to contact Rowe & Hales before April 18, 2008 to reschedule her deposition, which is to take place before May 6, 2008 unless the parties otherwise stipulate.

The court grants defendants' motion for monetary sanctions.  No later than May 6, 2008, Miller-Wallace shall pay  $2,745.88 to defendants for attorney's fees and costs incurred.  Failure to comply with this order may result in Miller-Wallace being dismissed from the case.

DATED:      4/7/08

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been sent to:**

**Counsel for Plaintiff(s):**

Michael A Zamani
2214 Fruitdale Avenue
San Jose, CA 95128
PRO SE

Nancy Miller-Wallace
762 Griffin Oaks Drive
Central Point, OR 97502

Nancy Miller-Wallace
684 Ashland Creek Drive
Ashland, OR 97520
PRO SE

**Notice of this document has been electronically sent to:**

**Counsel for Defendant(s):**

James R. Hales          jim@rowehales.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**       4/9/08                                    /s/ MAG
                                                **Chambers of Judge Whyte**