*E-FILED 5/19/2008*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ZAMANI, and NANCY MILLER-WALLACE,<br><br>        Plaintiffs,<br>    v.<br><br>H. GENE CARNES, PHILLIP CARNES, JENNIFER CARNES, KATHRYN SCHALLER and KEVIN SCHALLER,<br><br>        Defendants. | No. C03-00852 RMW (HRL)<br><br>**ORDER GRANTING THIRD-PARTY MOTION TO QUASH SUBPOENA**<br><br>[Re: Docket No. 130] |

The instant lawsuit arises out of efforts by defendants (collectively "Carnes") to enforce a judgment awarded to them in a related action, *Carnes v. Zamani*, C00-20084 RMW. Presently before the court is non-party J.D. Sullivan's "Emergency Motion to Shorten Time and Quash Subpoena Issued From Wrong Court." Sullivan is identified as plaintiffs' former counsel in the C00-20084 RMW action. He evidently is located in Minden, Nevada. He says that, on May 13, 2008, plaintiff Michael Zamani served him with a subpoena for a May 20, 2008 deposition and document production to occur in Reno, Nevada. Zamani had the subpoena issue from this court. Sullivan argues that the subpoena is void because it should have issued from the United States District Court for the District of Nevada. Based on the record presented, this court finds that no hearing or any further briefing is necessary. For the reasons stated below, the motion to quash will be granted.

The Federal Rules of Civil Procedure require that a non-party travel no more than 100 miles from his residence or place of business in responding to a discovery subpoena. *See* FED.R.CIV.P. 45(c)(3)(A)(ii). Additionally, a subpoena for attendance at a deposition or for the production of documents must issue from the district court where the deposition or production will take place. FED. R. CIV. P. 45(a)(2)(B), (C). A subpoena that designates the wrong issuing court is void. *See Kupritz v. Savannah College of Art & Design*, 155 F.R.D. 84, 88 (E.D. Pa. 1994). Here, the record presented indicates that Sullivan is located in Nevada, and the subpoena in question seeks a deposition and document production there. It therefore appears that plaintiff sought a subpoena from the wrong court. Although plaintiff is proceeding pro se here, he is nonetheless obliged to adhere to rules that all litigants are required to follow. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (finding that pro per litigants must follow the same procedural rules as represented parties). Accordingly, the motion to quash is GRANTED.

SO ORDERED.

Dated:   May 19, 2008

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**5:03-cv-852 Notice electronically mailed to:**

James R. Hales jim@rowehales.com, jimhales@nanosecond.com

Jay Duncan Sullivan apollos7@hotmail.com, B2LAWYER@aol.com, gkaufmann@mindenlaw.com, jd@mindenlaw.com, RHeckmann@altrionet.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**5:03-cv-852 Notice mailed to:**

Michael A Zamani
2214 Fruitdale Avenue
San Jose, CA 95128

    Plaintiff (Pro Se)

Nancy Miller-Wallace
684 Ashland Creek Drive
Ashland, OR 97520

Nancy Miller Wallace
762 Griffin Oaks Drive
Central Point, OR 97502

    Plaintiff (Pro Se)