E-FILED on    7/28/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL A. ZAMANI, an individual and NANCY MILLER-WALLACE (formerly NANCY ZAMANI), an individual,<br><br>Plaintiffs,<br><br>v.<br><br>H. GENE CARNES, an individual, PHILLIP CARNES, an individual, JENNIFER CARNES, an individual, KATHRYN SCHALLER, an individual, and KEVIN SCHALLER, an individual,<br><br>Defendants. | Case No. C-03-00852 RMW<br><br>Related Case No. C-00-20084 RMW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE BUT EXTENDING PRETRIAL AND TRIAL DATES; ORDER DENYING DEFENDANTS' MOTION TO HOLD PLAINTIFFS IN CONTEMPT OF COURT AND REQUIRING PLAINTIFFS TO PAY PREVIOUSLY AWARDED ATTORNEY'S FEES<br><br>**[Re Docket No. 135, 138]** |

On May 28, 2008, defendants filed a motion asking the court to hold plaintiffs Michael Zamani and Nancy Miller-Wallace in contempt and to sanction them by either dismissing them from this action or, in the alternative, prohibiting introduction at trial of the discovery they have failed to produce. As set forth at the July 18, 2008 hearing on this matter, the court does not find plaintiffs Zamani and Miller-Wallace to be in contempt of this court's orders with respect to the non-payment of previously-awarded attorney's fees, but nevertheless orders them to pay the fees by July 30, 2008, or be subject to dismissal from the case. The court also does not find plaintiffs to be in contempt of this court's discovery orders but orders them to produce the items set forth below by July 30, 2008.

ORDER EXTENDING PRETRIAL AND TRIAL DATES; ORDER DENYING DEFENDANTS' MOTION TO HOLD PLAINTIFFS IN CONTEMPT OF COURT—C-03-00852 RMW
MAG

Should plaintiffs fail to do so, the court will exclude any evidence of damages except that which plaintiffs have produced as of July 30, 2008.

On May 27, 2008, Zamani filed a Motion To Extend Discovery Cutoffs and Continue the Trial for 90 or 120 Day.  For the reasons set forth at the hearing on this matter, Zamani's motion is denied, however, to accommodate for matters pending before Judge Lloyd, the pretrial conference date in this case is changed from July 24, 2008 to August 21, 2008.  The trial date is changed from August 4, 2008 to September 2, 2008.

**ORDER**

Zamani and Miller-Wallace will pay to defendants the amounts of attorney's fees as ordered by this court's April 2, 2008 and April 7, 2008 orders by July 30, 2008.[1]  Offset is not permitted, nor is unilateral delay by plaintiffs.

Each plaintiff shall produce the following by July 30, 2008:

1.  A specific itemization of damages that each plaintiff claims.  The itemization of damages shall itemize each category of damages that will be claimed including the amount and will set forth in detail the basis of computing each category of damages.  Each plaintiff will also produce copies of all records that in any way support his or her damages claim.

Zamani also specifically agreed at the hearing to produce:

   a.  QuickBooks records from 2001 to present and financial record keeping from 2001 to present: Zamani indicated that he does not have QuickBooks records earlier than 2006 but has agreed to provide the requested data as far back as he has it.

   b.  Account records from 2001 to present: Zamani has agreed to produce his bank statements from seven years back to the present.[2]  He has also agreed to produce check registers he possesses, which do not go further back than 2006.

---

[1] Zamani owes defendants $1067.50 for attorney's fees incurred in connection with a discovery dispute with Zamani.  April 4, 2008 Order, Docket No. 126.  For a similar reason, Miller-Wallace owes defendants $2,745.88 for attorney's fees and costs.  April 7, 2008 Order, Docket No. 129.

[2] In the event that Zamani is unable to produce his bank statements due to bank delays by the July 30, 2008 deadline, he is to provide a statement from his bank as to when such records can be supplied.

ORDER EXTENDING PRETRIAL AND TRIAL DATES; ORDER DENYING DEFENDANTS' MOTION TO HOLD PLAINTIFFS IN CONTEMPT OF COURT—C-03-00852 RMW
MAG                                                                                 2

    c.    Accountant's records from 2001 to present: Zamani has asked his accountant for her records. He states that his accountant responded that she has purged anything beyond 2003 or 2004. Zamani will send everything his accountant has sent him to defendants along with a confirmation from the accountant that Zamani has provided to defendants everything that the accountant has. Zamani also contends that all of income and loss statements and profit and loss statements for all of his businesses from 2001 to present have been given to his accountant. When he transmits all of the documents he receives from his accountant to defendants, he shall confirm that he does not have any further income and loss or profit and loss statements in his possession that are not included in his accountant's files.

Should plaintiffs fail to comply with this order by July 30, 2008, defendants may notice a motion to dismiss this case.

DATED: 7/25/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been sent to:**

**Counsel for Plaintiff(s):**

Michael A Zamani
2214 Fruitdale Avenue
San Jose, CA 95128
PRO SE

Nancy Miller-Wallace
762 Griffin Oaks Drive
Central Point, OR 97502

Nancy Miller-Wallace
684 Ashland Creek Drive
Ashland, OR 97520
PRO SE

**Notice of this document has been electronically sent to:**

**Counsel for Defendant(s):**

James R. Hales          jim@rowehales.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**       7/28/08                           /s/ MAG
                                          **Chambers of Judge Whyte**