**\*E-FILED 8/15/2008\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ZAMANI, and NANCY MILLER-WALLACE, | No. C03-00852 RMW (HRL) |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF MICHAEL ZAMANI'S MOTION TO COMPEL DOCUMENTS** |
| v. | |
| H. GENE CARNES, PHILLIP CARNES, JENNIFER CARNES, KATHRYN SCHALLER and KEVIN SCHALLER, | **[Docket No. 142]** |
| Defendants. | |

/

Presently before this court is plaintiff Michael Zamani's "Ex Parte Emergency Motion for a Scheduling Conference" (Docket #142). The motion was construed as one to compel discovery and has been referred to the undersigned for disposition. Defendants oppose the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the August 12, 2008 hearing, this court grants the motion in part and denies it in part.

The instant lawsuit arises out of efforts by defendants (collectively "Carnes") to enforce a judgment awarded to them in a related case, *Carnes v. Zamani*, C00-20084 RMW ("Underlying Action"). In that action, Carnes sued the Zamanis, seeking declaratory relief with respect to a real estate transaction. The court entered summary judgment in Carnes' favor and

*United States District Court*
*For the Northern District of California*

United States District Court

For the Northern District of California

1   awarded them their costs and attorney's fees.

2        Plaintiffs then filed the instant action, claiming that they not only tendered full

3   satisfaction of the judgment, but overpaid the required amount.  They further allege that

4   defendants have refused to deliver proper acknowledgment of satisfaction of judgment and have

5   wrongfully conditioned the delivery of such an acknowledgment upon the payment of amounts

6   in excess of the judgment and other conduct.  Plaintiffs seek general, economic and exemplary

7   damages, plus costs and attorney's fees.  Although plaintiffs were represented by counsel when

8   the instant action was filed, they are now proceeding pro se.

9        Plaintiff Michael Zamani moves for an order compelling defendants to produce

10  documents.  However, his moving papers failed to adequately explain what discovery he seeks

11  and why.  Additionally, there was no indication that he had made any effort to meet-and-confer

12  with defendants before filing the motion.  See FED.R.CIV.P. 37(a)(1) ("The motion [to compel]

13  discovery] must include a certification that the movant has in good faith conferred or attempted

14  to confer with the person or party failing to make disclosure or discovery in an effort to obtain it

15  without court action."); see also CIV. L.R. 37-1(a) (The court will not entertain a request or a

16  motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, the

17  parties have previously conferred for the purpose of attempting to resolve all disputed issues.).

18       Accordingly, on June 30, 2008, this court issued an interim order directing Zamani to

19  meet-and-confer with defendants about the documents in dispute.  In the event the parties were

20  unable to resolve the matter themselves, the court set a briefing and hearing schedule and

21  specifically directed Zamani to file and serve a brief (and any supporting declarations and other

22  papers) that identified the information he sought, detailed the basis for his contention that he is

23  entitled to the requested discovery, and explained how proportionality and other requirements

24  of Fed. R. Civ. P. 26(b)(2) are satisfied.  (See Docket #145).

25       Zamani admittedly failed to comply with any part of the June 30, 2008 interim order;

26  and, he did not provide this court with a satisfactory explanation for his non-compliance.  Even

27  assuming he had complied with the interim order, this court is unpersuaded that the additional

28  information he now seeks is relevant.

United States District Court

For the Northern District of California

1    The six document requests at issue (Document Request Nos. 1-6) seek the production of

2 all monthly statements, bills, invoices, cancelled checks, bank statements and other documents

3 pertaining to (a) legal services rendered by Sullivan Law Offices[1] concerning plaintiffs and real

4 property at 1860 S. Bascom Avenue in Campbell, California; and (b) payment for any

5 investigative services performed by anyone concerning plaintiffs and the same real property.

6 Each request seeks documents from the time period March 1999 through January 2000.  (See

7 Mot., Ex. A).

8    Defendants objected to the requests on one or more of the grounds that they are

9 overbroad, seek irrelevant information or seek documents protected by the attorney-client

10 privilege.  Nevertheless, they produced various bills and invoices, in redacted form, dating from

11 March 1999 through February 2000.  (See id.).  They represent to the court that all relevant

12 documents have been produced.  Further, they say that the billing statements are redacted to

13 protect attorney-client privileged information, and the account statements are redacted to protect

14 information not called for by Zamani's requests.

15    Exactly what additional information Zamani seeks has been somewhat of a moving

16 target.  In his motion papers, he said that defendants' production is deficient because they (a)

17 did not produce a privilege log; (b) have not produced invoices for legal services rendered

18 between January 14-31, 2000; and (c) redacted information pertaining to legal services or

19 consultations provided prior to the January 21, 2000 filing of the Underlying Action.  At the

20 motion hearing, however, he said that he has documents from the date the Underlying Action

21 was filed.  And, it appeared to this court that he is primarily interested in obtaining Sullivan's

22 "contemporaneous time keepers" for nine months preceding the filing of the Underlying Action

23 – that is, from March 1999 through January 2000.  Neither side fully explained what the so-

24 called  "contemporaneous time keepers" are, but they apparently refer to entries made in

25 Sullivan's time keeping system describing what he did.

26

27

28    [1]    J.D. Sullivan is identified as the attorney who represented the Carnes in the Underlying Action.

3

1    When pressed by this court at the motion hearing to explain the relevance of

2  "contemporaneous time keepers" during the months leading up to the Underlying Action,

3  Zamani asserted that defendants and Sullivan have engaged in a conspiracy to harm him.  He

4  believes that documents concerning legal services rendered prior to the filing of the Underlying

5  Action will substantiate the alleged conspiracy and support his claim for punitive damages in

6  the instant lawsuit.  That is, he contends that those documents will show that defendants have

7  acted with malice and oppression in seeking to enforce the judgment they obtained in the

8  Underlying Action.

9    Zamani could not articulate precisely what it is that defendants allegedly conspired to do

10  to him in the Underlying Action (and he indicated that he is not claiming that they were not

11  entitled to file a lawsuit).  Nevertheless, this court understands him to be saying that he wants

12  the "contemporaneous time keepers" preceding the filing of that action (a) to show that

13  defendants have engaged in a pattern and practice to harm him; and (b) to establish other

14  instances of defendants' alleged animosity toward him.  However, the instant lawsuit appears to

15  be based entirely on alleged conduct and events which occurred only after defendants obtained

16  a judgment in the Underlying Action.  As such, this court concludes that the requested

17  "contemporaneous time keepers" preceding the filing of the Underlying Action are neither

18  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

19  FED.R.CIV.P. 26(b)(1).  Plaintiff's motion to compel those documents is denied.

20    Even so, defendants acknowledge that they have not provided plaintiffs with a privilege

21  log, as they are required to do.  See Fed.R.Civ.P. 26(b)(5).  There was a suggestion at the

22  motion hearing that invoices for legal fees claimed in the Underlying Action were submitted to

23  the court in unredacted form in that action.  On the record presented, this court is unable to

24  properly assess the applicability of any privilege or protection.  However, at oral argument

25  when this court asked defense counsel to confirm whether the redactions (some of which appear

26  to comprise only a word or two) actually reveal privileged communications, he could not

27  provide an answer, but agreed to review them.  Accordingly, defendants shall forthwith (and, in

28  any event, well before the August 20, 2008 pretrial conference) (a) review the redactions;

United States District Court
For the Northern District of California

4

1  (b) produce in unredacted form any documents which do not actually disclose privileged

2  matters; and (c) provide plaintiffs with a log as to any redactions that remain.  The log shall

3  provide information sufficient to permit proper assessment of the applicability of any privilege

4  or protection claimed.  See id.

5          SO ORDERED.

6  Dated:    August 15, 2008

7  _____
   HOWARD R. LLOYD

8  UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5

**United States District Court**

For the Northern District of California

1    **5:03-cv-852 Notice electronically mailed to:**

2    James R. Hales jim@rowehales.com, jimhales@nanosecond.com

3    Jay Duncan Sullivan apollos7@hotmail.com, B2LAWYER@aol.com,
     gkaufmann@mindenlaw.com, jd@mindenlaw.com, RHeckmann@altrionet.com

4

5    **Counsel are responsible for distributing copies of this document to co-counsel who have
     not registered for e-filing under the court's CM/ECF program**.

6

7    **5:03-cv-852 Notice mailed to:**

8    Michael A Zamani
     2214 Fruitdale Avenue
9    San Jose, CA 95128

10         Plaintiff (Pro Se)

11    Nancy Miller Wallace
     762 Griffin Oaks Drive
12    Central Point, OR 97502

13         Plaintiff (Pro Se)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28