*E-FILED - 8/25/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL A. ZAMANI, an individual and NANCY MILLER-WALLACE (Formerly NANCY ZAMANI), an individual,<br><br>Plaintiffs,<br><br>v.<br><br>H. GENE CARNES, an individual, PHILLIP CARNES, an individual, JENNIFER CARNES, an individual, KATHRYN SCHALLER, an individual, and KEVIN SCHALLER, an individual,<br><br>Defendants. | Case No.: C-03-00852-RMW<br><br>ORDER AWARDING ATTORNEY'S FEES AND COSTS |

Defendants seek their attorney's fees in the amount of $205,974.88 and costs not taxed by the Clerk from plaintiffs Michael Zamani and Nancy Miller-Wallace (formerly Nancy Zamani) for their defense of this action in which judgment was entered in defendants' favor on August 20, 2008. On September 3, 2008 defendants filed a Bill of Costs and a Motion for Attorney's Fees and Costs. The Clerk of the Court taxed costs in the amount of $5,693.33 on November 11, 2008. Plaintiff Michael Zamani, it appears, had previously filed a Chapter 11 bankruptcy case on December 5, 2006 which stayed the immediate pursuit of attorney's fees and costs against him. On February 13, 2009 defendants obtained an Order from the bankruptcy court lifting the stay and expressly allowing defendants to "proceed to a final determination of their post-judgment Motion for Attorneys Fees and Costs." Order Granting Motion for Relief from Stay, Case No. 06-52509 MM in the United States Bankruptcy for the Northern District of California. On September 16, 2008 Michael Zamani

filed a notice of appeal from the August 20 judgment. That appeal was subsequently dismissed on March 9, 2009 for failure to file and serve a Transcript Designation Order Form. This court submitted the defendants' Motion for Attorney's Fees and Costs on the papers filed and issued a tentative ruling on July 16, 2009 on that motion. The parties were given the opportunity to object to the tentative order and respond to any objection filed by the other side. A timely objection was received from defendants to a portion of the court's tentative ruling. No objection or response to defendants' objection was filed by either plaintiff.

The court now rules that defendants are entitled to attorney's fees in the amount of $156,274.34 and costs including those taxed by the clerk for a total amount of $18,528.46.

**I. Bases of Motion**

Defendants move for attorney's fees and costs on two bases: (1) they are the prevailing parties in an action brought by plaintiffs pursuant to California Civil Code of Procedure section 724 and that section provides for attorney's to the prevailing party; and (2) they are entitled to attorney's fees and costs incurred after April 11, 2005 since plaintiffs rejected the offer of settlement made by defendants pursuant to California Civil Code of Procedure section 998 and failed to obtain a better judgment. Neither plaintiff has filed any opposition to defendants' motion for fees and costs.

**II. Entitlement to Fees and Costs Under Cal. C.C.P. § 724**

On February 26, 2203 plaintiffs Michael Zamani and Nancy Miller-Wallace, formerly Nancy Zamani (collectively "Zamani"), filed a complaint against H. Gene Carnes, Phillip Carnes, Jennifer Carnes, Kathryn Schaller and Kevin Schaller (collectively "Carnes") entitled "Complaint for Damages – Violation of CCP § 724.050 and 724.070 – Conditioning Acknowledgment of Satisfaction on Performance of Act or Payment of Amount and Refusal to Provide Acknowledgment of Satisfaction as Demanded. The essence of the complaint was that Carnes had violated the provisions of California Code of Civil Procedure sections 724.050, 724.060 and 724.070 in their refusal to acknowledge satisfaction of judgment upon proper tender of what was owed.

Code of Civil Procedure section 724.080 requires that "[i]n an action or proceeding maintained pursuant to this chapter, the court shall award reasonable attorney's fees to the prevailing

party." Since Carnes were the prevailing parties, they are entitled to reasonable attorney's fees pursuant to section 724.080.

### III. Entitlement to Attorney's Fees, Costs and Expert Witness Costs After Rejection of Offer Made Pursuant to Cal. C.C.P. § 998

The plaintiffs rejected the defendants' $30,000 Offer of Settlement that was prepared and presented in accordance with California Code of Civil Procedure section 998 on April 11, 2005. As plaintiffs' case was eventually dismissed for failure to diligently prosecute, plaintiffs failed to obtain a more favorable judgment. As a result, the defendants are entitled to their costs including, in the court's discretion, expert witness fees incurred after April 11, 2005.

CCP § 998(c)(1) states:

> If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her post offer costs and shall pay the defendant's costs from the time of the offer. . . the court . . ., in its discretion, may require the plaintiff to pay a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial . . . of the case by the defendant.

Whether a cost item was reasonable necessary as contemplated by section 998 is a question of fact to be decided by the trial judge. *See Jones v. Dumrichob*, 63 Cal. App.4 th 1258, 1266 (1998). Expert witness fees can be awarded. C.C.P. § 998. "Recoverable litigation costs. . . include attorney fees, but only when the party entitled to costs has a legal basis, independent of the cost statutes and grounded in an agreement, statute, or other law, upon which to claim recovery of attorney fees." *Ford Motor Credit Co. v. Hunsberger*, 163 Cal. App. 4th 1526, 1530 (2008). Here, as discussed above, attorney's fees are recoverable under Code of Civil Procedure section 724.080.

Although California Code of Civil Procedure section 998 is a state rule, offer of judgment rules appear to be "substantive" for *Erie* purposes. *See Jones v. United Space Appliance, LLC*, 494 F.3d 1306, 1309 (11th Cir. 2007); *see also MRO Communications, Inc. v. AT&T Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999). Therefore, section 998 is applicable in this case.

### IV. Determination of Reasonable Fees and Costs

California state law regarding attorney's fees applies because this court is exercising its diversity jurisdiction. *Farmers Ins. Exch. v. Law Offices of Joe Sayas, Jr., Esq.*, 250 F.3d 1234, 1236 (9th Cir. 2001).

> Federal district courts must calculate awards for attorneys' fees using the "lodestar" method. The "lodestar" is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it.

*Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001) (citations omitted).[1] California follows the same lodestar methodology. *See generally PLCM Group v. Drexler*, 22 Cal. 4th 1084 (2000).

The court has reviewed the declarations and detailed billing and cost records submitted including defendants' objection to the tentative ruling. The hourly rates for counsel are reasonable and within a reasonable range for those providing the type of litigation services involved here. The hours billed for services rendered also are reasonable. Two other factors need to be considered in this case. First, the hours incurred by defense counsel given the nature of the case appear to be on the high side. Unfortunately, the case involved more work for defendants than should have been necessary. Mr. Zamani represented himself during a significant portion of the litigation. His aggressive attitude, distrust of defendants and lack of knowledge of legal procedures and requirements resulted in unnecessary work for defendants. Although the defendants' counsel may have over-reacted at times in trying to work with Mr. Zamani, there is no question but they had to spend extra time with respect to discovery and other pretrial proceedings. Second, defendants have included in their hours the time spent pursuing an unsuccessful interlocutory appeal of the court's denial of their motion to strike the Zamanis' first two causes of action pursuant to California's anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute, Cal.Civ.Proc.Code § 425.16. Although the interlocutory appeal concerned the facts at issue in the case, the work pursuing the appeal of the denial of the SLAPP motion had limited relationship to the work defendants would later have to undertake to get the case ready for trial, *i.e.* the work done in the appeal did not reduce

---

[1] Other potential factors in determining the reasonableness of the fees include: (1) the time and labor required; (2) the novelty and difficulty of the issues involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by an attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by a client or the circumstances; (8) the amount in question and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases.
*Gates v. Deukmejian*, 987 F.2d 1392, 1402 (9th Cir. 1992) (citations omitted).

4

the workload for preparation and trial. The subject matter of the appeal also was unrelated to the basis on which the case was dismissed. Therefore, the court does not find that the time related to defendants' unsuccessful interlocutory appeal of the denial of the SLAPP motion should be included in the time used in the lodestar calculation. *See Webb v. Sloan*, 330 F.3d 1158, 1169 (9th Cir. 2003) (court *did* include time related to unsuccessful claim because it could not isolate the time spent on the unsuccessful claim from the successful one). The defendants' fees related to the interlocutory appeal can be effectively isolated because the appeal was filed December 27, 2004 and the judgment affirming the denial was entered July 16, 2007. Progress on the underlying case itself was slowed during the pendency of the appeal.

The defendants did not originally itemize their fees in a format that permitted a precise estimate of what fees should be attributed to the appeal. In their objection to the tentative ruling defendants' counsel has provided more information which enables the court to make a more accurate estimate. The court now estimates, still giving plaintiffs the benefit of doubt as to whether time is properly allocated to the appeal, that approximately $14,500 of the fees charged by Rowe & Hales and $35,500 by the Sullivan Law Offices are attributable to the appeal. Therefore, the court awards fees in the amount of $156,274.34 as reasonable attorney's fees.

Costs including those taxed by the court are awarded in the amount of $18,528.46. This includes the fees of expert Morger since he apparently rendered his services after the section 998 offer was rejected but does not include Waagstaffe's fees since his services were rendered prior to the offer of compromise. The court also has not included LexisNexis fees as those should be included as overhead built into the fees for services.

**V. Order**

Defendants are awarded fees in the amount of $156,274.34 and costs of $18,528.46.

DATED: August 21, 2009

*Ronald M Whyte*
_____
RONALD M. WHYTE
United States District Judge

5

| | |
|---|---|
| 1 | Copy of Order E-Filed to Counsel of Record: |
| 2 | |
| 3 | Copy of Order Mailed to: |
| 4 | Nancy Miller-Wallace<br>684 Ashland Creek Drive<br>Ashland, OR 97520 |
| 5 | |
| 6 | Nancy Miller-Wallace<br>762 Griffin Oaks Drive<br>Central Point, OR 97502 |
| 7 | |
| 8 | Nancy Miller-Wallace<br>760 Griffin Oaks Drive<br>Central Point, OR 97502 |
| 9 | |
| 10 | Michael A. Zamani<br>2214 Fruitdale Avenue<br>San Jose, CA 95128 |
| 11 | |
| 12 | Phillip Rosenblatt, Esq.<br>60 S. Market Street, 14th Flr.<br>San Jose, CA 95113 |